# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DOUGLAS BRITT WILLIAMSON, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : No. 5:18-cv-00202-MTT-CHW <br> BUTTS COUNTY GEORGIA, : <br> *et al.*, : <br> : <br> Defendants. : | |

## ORDER OF DISMISSAL

This case is currently before the Court for preliminary screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Plaintiff Douglas Britt Williamson, an inmate confined at the Johnson State Prison in Wrightsville, Georgia, filed the above-captioned case seeking relief under 42 U.S.C. § 1983. Compl., ECF No. 1. Along with his Complaint, Plaintiff filed a motion for leave to proceed without prepayment of the filing fee. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2.

Thereafter, the United States Magistrate Judge granted Plaintiff's motion for leave to proceed *in forma pauperis* and conducted a preliminary review of Plaintiff's complaint. Order, July 11, 2018, ECF No. 6. In that review, the Magistrate Judge found that Plaintiff's complaint failed to state a cognizable claim for relief. *Id.* at 6-7. Because it appeared that a more carefully drafted complaint might state a claim for relief, however, Plaintiff was given an opportunity to recast his complaint to include additional information.

*Id.* at 8-9. Plaintiff how now filed a recast complaint, which is ripe for preliminary review.

I. **Authority & Standard for Preliminary Screening**

The Court is now obligated to conduct a preliminary review of Plaintiff's complaint. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the

complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II. Plaintiff's Amended Complaint

In his amended complaint, Plaintiff asserts that, when coming back from Augusta Medical Prison on September 13, 2017, he got off the Augusta bus and onto the Johnson State bus, where he was made to sit and wait for three and a half hours, without air conditioning or a fan. Am. Compl. 5, ECF No. 8. At some point, other inmates on the bus noticed that Plaintiff was pale and yelled to alert a nearby officer. *Id.* The officer had Plaintiff come to the front of the bus and sit on the first step, but Plaintiff then had a seizure and slid down the step. *Id.* The officers moved Plaintiff under a canopy, where medical staff then came and got Plaintiff. *Id.*

Plaintiff filed this action against Butts County, the Georgia Department of Corrections, and Jackson State Prison Warden Eric Sellers. *Id.* at 1, 5. Plaintiff asserts

3

that the actions described in his complaint demonstrate that his due process and equal protection rights were violated. *Id.* at 6.

### A. Georgia Department of Corrections

As an initial matter, the Eleventh Amendment bars suit directly against a state or its agencies. *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). This bar applies "regardless of whether the plaintiff seeks money damages or prospective injunctive relief." *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). The Georgia Department of Corrections is a state agency and is thus protected by sovereign immunity. *Id.*; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 98, 71 (1989) (explaining that the state and its agencies are not "persons" for the purposes of § 1983 liability). Accordingly, the Georgia Department of Corrections is not a proper defendant to this action.

### B. Remaining Defendants

#### 1. Due Process

To state a claim for denial of due process, a plaintiff must allege that he was deprived of life, liberty, or property without due process of law. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (recognizing that prisoners "may not be deprived of life, liberty, or property without due process of law"). None of Plaintiff's allegations suggest that any of the defendants deprived Plaintiff of life, liberty, or property. Accordingly, Plaintiff has not stated a due process claim against any named defendant.

#### 2. Equal Protection

4

To state an equal protection claim, a prisoner must allege facts to show that other prisoners similarly situated to him were treated more favorably and the "discriminatory treatment was based on some constitutionally protected interest such as race." *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001). Here, Plaintiff does not allege that he was treated any differently from another prisoner, and thus, he has not alleged facts setting forth an equal protection claim.

### 3. Deliberate Indifference

Although Plaintiff does not specifically state that he is asserting a deliberate indifference claim, broadly construing his complaint, it may be read as asserting such a claim. Thus, the Court now considers whether Plaintiff has stated a deliberate indifference claim under the Eighth Amendment.

A prisoner seeking to state an Eighth Amendment claim for deliberate indifference to a serious medical need must allege facts to show that he had an objectively serious medical need and that the defendant was deliberately indifferent to that need. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted). Further, the condition must be one that would pose a "substantial risk of serious harm" if left unattended. *Farrow*, 40 F.3d at 1243.

Similarly, a prisoner seeking to state an Eighth Amendment claim for deliberate indifference to his health or safety must allege facts to show that he was exposed to an

extreme condition that posed a risk to his health or safety and that the defendant was deliberately indifferent to the condition. *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). An official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Here, Plaintiff appears to assert that he has a seizure disorder, but he does not allege any facts suggesting that anyone knew about the disorder but failed to treat it. Thus, in the amended complaint, Plaintiff has not stated a deliberate indifference claim based on a failure to respond to his seizure disorder.

In his original complaint, Plaintiff seemed to be asserting a deliberate indifference to safety claim based on his having been assigned to a top bunk bed despite his seizure disorder, which led to him falling off the bed and injuring himself.[1] *See* Compl. 6, ECF No. 1. Arguably, this allegation sufficiently identifies a condition that posed a significant risk of harm to Plaintiff insofar as Plaintiff asserts that his assignment to a top bunk was dangerous because of his seizure disorder. Thus, the question is whether any named defendant was deliberately indifferent to that risk of harm.

---

[1]In the order directing Plaintiff to recast his complaint, Plaintiff was informed that the amended complaint would take the place of, and supersede, the original complaint, such that the Court would not look back to the original complaint to determine whether Plaintiff had stated a claim. Order 8, July 11, 2018, ECF No. 6. Plaintiff failed to include the allegations regarding his bunk assignment in his amended complaint, and thus, they are arguably not properly before the Court. Nevertheless, in order to broadly construe the complaint in the light most favorable to Plaintiff, the Court now considers whether this assertion in the original complaint, considered in connection with the allegations in the amended complaint, is sufficient to state a claim for relief.

a. Butts County

With regard to Butts County, in *Monell v Dep't of Soc. Serv.*, 436 U.S. 658 (1978), the United States Supreme Court held that municipalities and other local bodies could be treated as persons for the purposes of a § 1983 action. However, the Court further held that local bodies could be sued directly only for constitutional violations caused by "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. Here, Plaintiff does not allege any facts showing that any official in the government of Butts County was aware of his seizure disorder or bed assignment. Plaintiff also does not allege that he was assigned a top bunk despite his seizure condition due to a policy statement, ordinance, regulation, or decision adopted by Butts County. Thus, Plaintiff has failed to state a claim against Butts County.

b. Warden Eric Sellers

As to Defendant Warden Eric Sellers, Plaintiff does not include any specific allegations tying Sellers to his claim. "[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). A district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with the alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)).

To the extent that Plaintiff names Sellers in his supervisory capacity, supervisory

prison officials cannot be held liable for the unconstitutional acts of their subordinates absent evidence of a causal link between the supervisor and a constitutional deprivation. *See LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993); *see also, e.g.*, *Averhart v. Warden*, 590 F. App'x 873, 874 (11th Cir. 2014) ("Averhart's contention that . . . defendants are legally responsible for his safety is just a legal conclusion: it is not a meaningful factual allegation and, therefore, is insufficient to preclude dismissal."). Thus, to state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986). This may be done by alleging that the official either "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 340 F. App'x 527, 531 (11th Cir. 2009) (per curiam) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).

Here, other than general allegations that prison officials must have known about Plaintiff's seizure condition because it was in his medical records, Plaintiff does not allege any facts to show that Sellers actually did know about Plaintiff's condition or of the potential harm of assigning Plaintiff to a top bunk. Moreover, Plaintiff does not assert any facts suggesting that Sellers was involved in the decision to place Plaintiff in a top bunk or that he was even aware that Plaintiff was assigned to a top bunk.

Thus, Plaintiff has not alleged facts demonstrating that Sellers personally

participated in the alleged constitutional violation. He also has not alleged facts showing that he was assigned to a top bunk despite his seizure condition due to a custom or policy, an unlawful direction from Sellers, or Sellers' failure to stop his subordinates from acting unlawfully. As explained above, in the absence of allegations showing some connection between Sellers and the alleged deliberate indifference, Plaintiff has not stated a claim against Sellers.

Accordingly, for the reasons discussed above, the Court finds that Plaintiff's complaint fails to state a claim against any named defendant. Accordingly, this complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

**SO ORDERED**, this 31st day of August, 2018.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT